USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
            -v.-                  :           OPINION AND ORDER
                                  :
ALBERT BALDEO,                    :           (S-1) 13 Cr. 125 (PAC)
                                  :
            Defendant.            :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant moves in limine for the following relief:

(1) production in advance of trial of co-conspirators' statements, as well as a government description of why the declarant is a co-conspirator—and how the statement furthered the conspiracy;

(2) preclude use of portions of recorded conversations in which the Defendant states his anticipation to invoke the Fifth Amendment or to retain counsel and urges others to do the same;

(3) preclude the Government from offering opinion testimony from the New York City Campaign Finance Board without (a) complying with the pretrial disclosure of expert witnesses, and (b) qualifying such witnesses as experts;

(4) preclude Defendant's statements made as part of the charged witness tampering offense;

(5) preclude witnesses' statements that Defendant was "nervous" when he discussed inquiries concerning campaign donations with certain witnesses; and

(6) leave to file additional in limine motions when Defendant receives the Government's exhibits and 3500 material.

The motions are DENIED.

### (1) The Production of Co-Conspirators' Statements, and Accompanying Explanations

The Government has already provided substantial discovery to Defendant, including the grand jury testimony of the straw donors, and the names of the co-conspirators and aiders and abettors. Nonetheless, Defendant seeks the identification of the specific co-conspirators' statements and a written explanation of the basis for admitting the statements in furtherance of the conspiracy. Apparently, Defendant questions the continuing validity of U.S. v. Geaney, 417 F.2d. 1116, 1120 (2d Cir. 1969), or is laying a foundation for an appellate attack on the Geaney rule. Until the Second Circuit changes the requirements for the admissibility of co-conspirators' statements, however, Geaney is still good law. See U.S. v. Tracy, 12 F.3d. 1186, 1199 (2d Cir. 1993); see also, U.S. v. Miller, 12 Cr. 0368 (PAC), 2012 WL 4791992 at *4. (S.D.N.Y. October 9, 2012). The legal question aside, Defendant already knows what the co-conspirators are alleged to have said, based on the production of the straw donors' grand jury testimony, as well as production of records from the Agency of Children Services and the Department of Buildings.

The motion is DENIED.

### (2) Preclude Certain Portions of Recorded Conversations

Defendant seeks to preclude statements made in a recorded conversation with the Confidential Source ("CS") that he intended to invoke the Fifth Amendment; that he would retain counsel; and that others should do the same. The Government does not intend to use these statements in its case in chief (but reserves its right should Defendant take the stand). The motion is DENIED as moot.

2

(3)     **Opinion Testimony of the Campaign Finance Board**

The short answer to this application is that Campaign Finance Board witnesses will not be testifying as expert witnesses, but as fact witnesses. Their testimony includes statements about Defendant attending a training session in campaign finance; Defendant's interactions with Campaign Finance Board personnel; and how various Campaign Finance computer programs work—including use of passwords, and specific requests for matching funds. Further, Campaign Finance staff may testify that Defendant participated in the Campaign Finance program in 2005, in which he sought and received matching funds. All of this evidence is relevant to Defendant's knowledge and experience in running for local office and utilizing the Campaign Finance program to facilitate funding his campaign for the City Council in 2010. Further, the proposed testimony does not fall within Fed. R. Evid. 406. The motion is DENIED.

(4)     **Preclude Statements Charged in the Obstruction Counts**

As Defendant recognizes, this motion was the subject of a prior Opinion and Order concerning Defendant's pretrial motion to strike certain allegations from the Superseding Indictment's obstruction of justice counts. The motion is made "to preserve the record." On its renewal here, it is again DENIED, and for the same reasons.

(5)     **Preclude Testimony that Defendant Was Nervous When Discussing Campaign Contributions with Straw Donors**

The proposed testimony deals with more than Defendant's appearances at a particular point in time. Rather, the testimony deals with the observations made by straw donors, who participated in the alleged scheme to defraud, at a point in time after the investigation commenced. Defendant sought to find out whether the donors had been contacted by the FBI or the U.S. Attorney's Office, and what they said. Defendant is alleged to have told the straw donors to refuse to speak to law enforcement officers, or to lie about the donations. In that

3

connection, the straw donors' testimony is that Defendant appeared or was nervous at the time of their conversations.

This is not like the case of U.S. v. Martoma, No. 12 Cr. 973 (PGG), slip op. at 2-3 (S.D.N.Y. Jan. 1, 2014) where the Court excluded evidence that the defendant fainted when confronted by the FBI. Here, the proposed testimony relates to Defendant's mental state, contemporaneous with conduct which may constitute obstruction of justice. Further, the observations were made by individuals who knew Defendant. The proposed testimony deals with Defendant's demeanor at the time it is alleged he was committing the offenses charged in the indictment. Defendant's arguments regarding alternative reasons for his nervousness go to the weight of this testimony, not its admissibility. The motion is DENIED.

### (6) Leave to Make Further Motions In Limine

Defendant has already had the benefit of extensive discovery and voluminous document production, including grand jury testimony of key witnesses. The time for motion practice is over and now the case is to be tried.

Dated: New York, New York
January 31, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge