```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-                                    S1 13 Cr. 125 (PAC)

ALBERT BALDEO,                                       OPINION & ORDER

        Defendant.

------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-20-15

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 11, 2014, after a two-week trial, a jury convicted Defendant Baldeo of seven counts of obstructing justice. On December 3, 2014, the Court denied Baldeo's motions for a judgment of acquittal (Fed. R. Crim. P. 29) or, in the alternative, for a new trial (Fed. R. Crim. P. 33).

The Rule 33 motion for a new trial is based on the argument that members of the public were excluded from the *voire dire* in violation of Baldeo's Sixth Amendment right to a public trial. Neither Baldeo's initial motion, nor his reply to the Government's opposition, contained any evidence supporting the public's exclusion. Indeed, Baldeo's argument contradicts the record which contains the Court's clear instructions to the public not to leave, but rather to sit together, so as to accommodate the 60 members of the *venire* panel. The Court denied the Rule 33 motion.

On December 17, 2014, Baldeo moved for reconsideration of the Court's order based on a statement by a person who claimed he was excluded from the courtroom. In Baldeo's reply, dated January 16, 2015, he submitted another statement by a person claiming to have been excluded and identified by name a third person also claiming to have been excluded. For the reasons below, the Court DENIES Baldeo's motion.

1

## DISCUSSION

I. **Legal Standard**

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked" within "fourteen (14) days after the Court's determination of the original motion."

Courts generally supplement Local Crim. R. 49.1(d) with the standard for civil reconsideration motions under Local Civ. R. 6.3.[1] *U.S. v. Leaver*, 358 F. Supp. 2d 273, 277 n 14 (S.D.N.Y. 2005). Under this standard, such motions "may not advance new facts, issues or arguments not previously presented to the Court, nor may [they] be used as vehicle[s] for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); *see also Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 606 (S.D.N.Y. 2008) ("[C]ourt[s] must narrowly construe and strictly apply Local [Civil] Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment").

II. **Baldeo presents no "overlooked" matters**

Baldeo argues reconsideration is warranted because he submits two statements regarding the public's alleged exclusion from the *voire dire*: the Best Declaration, submitted with the initial

---

[1] Counsel for Baldeo expressly relies on Local Civ. R. 6.3's applicability. Hoffman Affirm ¶ 7.

motion for reconsideration and the Tiwari Affidavit, submitted a month later in his reply papers. Additionally, Baldeo's new attorney claims Garth Marchant was also present and was asked to leave. The Government contended at trial that Marchant was Baldeo's co-conspirator in the obstructing justice count. Tr. 30:23-35:1.

None of this satisfies the requirements for reconsideration imposed by Local Crim. R. 49.1(d) or Local Civ. R. 6.3. Baldeo fails to submit a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. R. 49.1(d). Instead, Baldeo merely submits a "Notice of Motion" along with sworn statements from his new lawyer and from Frank Best, followed in the reply papers by a statement from Yudhistir Tiwari and claiming Garth Marchant was also excluded. These statements do not present any matters "overlooked;" instead, they present a cascade of new matters which were never put before the Court during the initial motion.[2] *U.S. v. Riley*, 2014 WL 774630, at *2 (S.D.N.Y. Feb. 27, 2014) (declining to consider letters and sworn statements attached to a criminal reconsideration motion because "the Court is not permitted to consider new facts[,] . . . not put before the Court in the initial [] motion, in support of [a] motion for reconsideration"); *Rafter*, F. App'x at 769 (ruling new facts contained in an affidavit attached to a reconsideration motion cannot be "facts that the court 'overlooked'"). It is, therefore, inappropriate to consider the Best and Tiwari statements as their contents were not "overlooked" by the Court. Moreover, neither *U.S. v. Seabrook*, 571 F. App'x 27, 28 (2d Cir. 2014) nor *U.S. v. Gupta*, 699 F.3d 682, 686 (2d Cir. 2012) support Baldeo's argument for reconsideration.

Since Baldeo fails to present any "overlooked" matters, the motion to reconsider is denied.

---

[2] For this reason, Local Civ. R. 6.3 expressly prohibits the filing of affidavits without the Court's permission.

### III. Even if the Court were to consider the Best and Tiwari statements, they would be rejected as unreliable

First, both statements contradict the record. As previously explained in the Court's December 3, 2014 order, before the *venire* panel assembled, the Court asked the parties to identify who was in the courtroom. The Government did so; Baldeo's attorney, Mr. Mazurek, remained silent and identified no one. The Court then asked who else was in the courtroom and a group of interns at the New York City Campaign Finance Board identified themselves. No one else identified themselves. The suggestion that Garth Marchant was present, but not identified, is difficult to accept in light of his status as an alleged co-conspirator; surely the Government would have identified him had he been there in person. Moreover, the Court plainly did not exclude anyone or ask anyone to leave; it asked any member of the public present to sit together "in one or two rows," away from the *venire* panel. Tr. 6:5-22. Baldeo argues that since the Court referred to "two rows," there must have been multiple members of the public present. The important detail is not how many members of the public were present; rather, the important detail is that the Court instructed everyone present not to leave, but to sit together.

Next, both statements were offered under dubious circumstances. When Mr. Mazurek filed his reply papers for the Rule 33 motion, he asked for more time to investigate whether the public may have been excluded. The Court denied that request: Baldeo already had four months to conduct whatever investigation he deemed appropriate. On December 17, 2014, the final day for filing a reconsideration motion, Baldeo submitted the Best Declaration, in which Best claimed to have been present to support Baldeo on the first day of jury selection. Best did not see Baldeo again for four months until he fortuitously happened to meet him and told him he had been excluded. Baldeo then found a new lawyer, one Jeffrey C. Hoffman, who asserted that he

was "of counsel to Henry Mazurek, attorney for the defendant Albert Baldeo." Mr. Mazurek, a tireless and relentless advocate who represented Baldeo since the early phase of the investigation which led to his indictment, immediately wrote to the Court, disassociating himself from Hoffman and Best:

> Mr. Baldeo has retained separate counsel who filed a motion for reconsideration of the Court's denial of earlier post-trial motions that I filed on Mr. Baldeo's behalf. In the affirmation in support of the motion for reconsideration, new counsel for Mr. Baldeo, Jeffrey C. Hoffman, Esq., identifies his representation as being 'of counsel to Henry Mazurek.' (ECF Doc. No. 131, ¶ 1.) To be clear, this motion was not brought by me or my law firm, Clayman & Rosenberg LLP. My understanding is that the law firm of Hoffman & Pollok LLP has been separately retained by Mr. Baldeo as additional counsel. That firm is not 'of counsel' to Clayman & Rosenberg LLP, and Clayman & Rosenberg LLP is not to be associated with that filing.

Mazurek Ltr., ECF No. 134. The Tiwari Affidavit, submitted with the reply papers in the reconsideration motion, dated January 16, 2015, contains even less detail than the Best Declaration. Strangely, the affidavit is dated December 15, 2014, which predates both the Best Declaration and the Hoffman statement, but there is no explanation for its delayed submission.

Best's alleged conversation with a marshal also makes no sense in the circumstances. After supposedly being asked to leave by a marshal, Best said he asked to "watch the proceedings from the jury box, which was empty." Best Decl. ¶ 6. If Best were really in the courtroom, instead of talking with the marshal, he should have protested to the Court, or simply sat with the other members of the public present. The idea of sitting in the jury box during the *voire dire* is laughable; when the *venire* panel arrived, after brief welcoming remarks, the Court immediately began to sit individuals in the jury box. Best's suggestion to watch from the jury box simply makes no sense. It is no wonder Mr. Mazurek was at pains to disassociate himself from his assertions.

Finally, the suggestion that Garth Marchant was also present in the courtroom during the *voire dire* is hard to accept. Marchant was an identified co-conspirator who allegedly assisted with Baldeo's obstruction of justice by showing up on Baldeo's behalf to the witnesses homes. Surely the Government would have identified him as being present in the courtroom.

## **CONCLUSION**

For the reasons discussed, Baldeo's motion for reconsideration is DENIED. Baldeo's sentencing will proceed as scheduled on January 21, 2015.

Dated: New York, New York  
      January 20, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge