USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-5-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    -against-

ALBERT BALDEO,

    *Defendant.*

------------------------------------------------------------X

S1 13 cr 125 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 2, 2015, the Court sentenced Defendant Albert Baldeo to 18 months of imprisonment; two years of supervised release, with special conditions of three months of home confinement and 300 hours of community service; a $15,000 fine, and a $100 special assessment. Baldeo has filed a Notice of Appeal and now moves for bail pending appeal, under 18 U.S.C. § 3143(b), and for a stay of the fine, under Fed. R.Crim. P. 38(c).

    I.    **Bail Pending Baldeo's Appeal**

A person who has been tried, convicted, and "sentenced to a term of imprisonment" shall "be detained," unless that person can demonstrate: (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger" to the community; and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b); *see United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("[The statute] establishes a presumption in favor of detention"). Baldeo fails to meet either requirement. Accordingly, bail pending appeal is DENIED.

### (a) Baldeo fails to demonstrate by clear and convincing evidence that he is unlikely to flee or pose a danger to the community

Baldeo's new counsel presents a florid portrait of a "distraught and frantic" man, who experienced a "meltdown" and has nothing to lose. Def.'s Reply 1. This man-on-the-edge portrayal of nullifies any hope of Baldeo establishing, by clear and convincing evidence, that he is not a flight risk.[1] This risk of flight gains evidentiary weight in light of Baldeo's multiple self-hospitalizations which can only be characterized as an obvious attempt to evade and avoid his sentencing date.[2] Furthermore, Baldeo, who is an admitted attorney and local political figure, engaged in reprehensible conduct, threatening his former clients and friends in order to avoid the consequences of his own misconduct. His threats and intimidations ranged from appearing unannounced at their homes, to making false complaints with various municipal agencies, to falsifying legal documents. Baldeo's criminal conduct, on which his conviction is based, frustrates his ability to demonstrate, by clear and convincing evidence, that he is not a danger to the community.

### (b) Baldeo fails to demonstrate his appeal is not for the purposes of delay and raises substantial question of fact or law likely to result in a reversal or new trial

Baldeo and his counsel trot out the same tired arguments that were made before trial, during trial, and in voluminous post-trial motions. There is no need to repeat the details of those arguments; the Court issued multiple written opinions addressing these arguments and each decision is recorded on the docket sheet for this case. The Court finds that none of these

---

[1] Defense counsel portrays the Government as Javert-like in its pursuit of Baldeo (cast in the role of Jean Valjean), but it is Baldeo who went missing, using one contrived hospitalization after another. Baldeo cannot complain of the Government's behavior, which his own conduct caused.

[2] Baldeo's fears "for his life – will he receive the medical care he needs? – and his sanity," Def.'s Reply 1, are little more than rhetoric, since the Bureau of Prisons has twice informed both Baldeo and the Court that they are "able to provide appropriate care for Mr. Baldeo." Gov't Sentencing Submission, Ex. A.

arguments present a "close question." *See United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985); *see also id.* at 124 (noting that bail pending appeal is not "dependent upon 'the willingness of a trial court to certify' that it is likely to be reversed" (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985))). Nor is any argument likely to result in a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

## II.   Stay of Baldeo's Fine

Pursuant to Rule 38(c), the Court may stay a sentence to pay a fine "on any terms considered appropriate." Baldeo argues that a stay is warranted because he satisfies 18 U.S.C. § 3143(b). Since the Court denies Baldeo's § 3143(b) claims, Baldeo fails to demonstrate "appropriate" grounds to stay the imposition of his $15,000 fine.

## CONCLUSION

For the reasons discussed, Baldeo's motion for bail pending appeal and for a stay of his fine is DENIED. Baldeo is directed to surrender to the Bureau of Prisons on March 23, 2015.

Dated: New York, New York  
March 5, 2015

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

3